```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
HOWARD MCFARLANE, *pro se*,                :
                                           :
                         Petitioner,       :
                                           :    **MEMORANDUM & ORDER ADOPTING**
             -against-                     :    **REPORT & RECOMMENDATION**
                                           :    13-CV-6556 (DLI)(LB)
DANIEL MARTUSCELLO,                        :
                                           :
                         Respondent.       :
----------------------------------------------------------- x
```
**DORA L. IRIZARRY, Chief Judge:**

*Pro se* petitioner Howard McFarlane ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered the respondent, Daniel Martuscello, ("Respondent") to answer the petition and referred the matter to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation. On March 17, 2016, the magistrate judge issued a Report and Recommendation ("R & R") denying the petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (*See* R & R, Dkt. Entry No. 10.) Petitioner timely filed objections to the R & R on the grounds that: (1) the conditions of Petitioner's pretrial detention precluded meaningful attorney-client communications such that his counsel was unable to convey a certain plea offer to him; (2) he is innocent of the charges for which he stands convicted; and (3) he is entitled to a hearing based upon sufficient questions of fact related to the ineffective assistance of counsel claim. (Objection to R & R ("Obj.") at ¶¶ 4, 7, 11, Dkt. Entry No. 12.) For the reasons set forth below, the R & R is adopted in its entirety and the petition is denied.

---

[1] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed.

## STANDARD OF REVIEW

When no objections to the R&R are made, the court may adopt the R&R, if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). When specific objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

## DISCUSSION

I.  **State Court's Decision Denying Petitioner's Ineffective Assistance of Counsel Claim Was Not Unreasonable**

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Accordingly, *Strickland* invokes a two-part analysis

requiring that a petitioner demonstrate ineffective assistance of counsel by showing that: (1) counsel's performance was constitutionally deficient; and (2) the deficiency prejudiced petitioner. *Id*. at 687-88.

Petitioner contends that "no meaningful attorney-client consultation could be held" under circumstances in which Petitioner was compelled to speak with his counsel, *i.e.*, in a "bull pen" in the presence of other prisoners and corrections staff, and, because Respondent does not dispute it, the plea offer was not effectively communicated to Petitioner. (Obj. at ¶¶ 4, 5.) Petitioner's counsel, Frank Kelly, Esq. ("Kelly"), states that, prior to being produced for the *Dunaway/Wade* hearing, Petitioner informed him that Petitioner "did not want to plead guilty to anything and that he wanted to go to trial." (Affirmation of Frank Kelly ("Kelly Affirmation") at ¶ 5, Dkt. Entry No. 6-2.) The magistrate judge correctly notes that, while Kelly did not expressly state that he conveyed the five-year plea offer to Petitioner, Kelly insisted that he always informed Petitioner about plea offers and plea recommendations. (R & R at 2-3.)

Pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), it is not necessary for this Court to reach the merits of Petitioner's claim that Kelly failed to effectively communicate the five-year plea offer to him. *Lafler* stands for the proposition that a habeas petitioner is prejudiced by a conviction and the imposition of a more severe sentence when he proceeds to trial instead of accepting a more favorable plea upon the advice of counsel. 132 S. Ct. at 1386. However, the facts of the instant matter are fundamentally distinguishable from those in *Lafler*. Here, Petitioner rejected a three-and-one-half-year pre-indictment plea offer. (Affirmation of Dietrich P. Epperson ("Epperson Affirmation") at ¶ 5, Dkt. Entry No. 6-1.)[2] Five months thereafter, on October 8, 2010, Petitioner rejected the prosecution's five-year plea offer. (*Id*. at ¶¶ 6-8.) The magistrate judge

---

[2] Dietrich P. Epperson was the assistant district attorney for the Queens County District Attorney's Office who was assigned to prosecute the underlying state criminal action against Petitioner.

correctly notes that Petitioner's refusal to accept the less severe three-and-one-half-year plea offer undermines his claim that he would have accepted the five-year plea offer had he been made aware of it. (R & R at 14.) Assuming, *arguendo*, that Kelly had failed to communicate the five-year offer to Petitioner, this failure would not have constituted ineffective assistance of counsel because the prejudice prong of the *Strickland* test requires a reasonable possibility that Petitioner would have accepted the offer. As noted above, his rejection of the less severe plea offer renders his claim that he would have accepted the more severe plea offer unavailing.

Petitioner's reliance on the Second Circuit's holding in *United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998), equally is unavailing because it is inapposite. In *Gordon*, the habeas petitioner's counsel misinformed him that his potential sentencing exposure would be 120 months' incarceration pursuant to any conviction under the indictment. 156 F.3d at 377. Based upon that information, the habeas petitioner declined a plea offer that would have exposed him to an 84-month prison sentence and elected to proceed to a bench trial at which he was found guilty on all twelve counts of the indictment. *Id*. The Probation Department then prepared a pre-sentence investigation report concluding that the habeas petitioner's appropriate guideline range was 262 to 327 months' imprisonment. *Id*. The Second Circuit held that this misinformation constituted ineffective assistance of counsel because the reliance on counsel's gross underestimation of the maximum sentencing exposure prejudiced the habeas petitioner and fell below an objective standard of reasonableness, thus satisfying the two-prong *Strickland* test. *Id*. at 380-81.

The facts in the instant matter are distinguishable fundamentally from those in *Gordon*. Here, Petitioner does not allege that counsel erroneously advised him with respect to his maximum sentencing exposure, but rather alleges that counsel failed to communicate to him a plea offer that

4

he would have accepted.  For the reasons set forth above, Petitioner's ineffective assistance of counsel claim fails.

## II. Petitioner's Claim of Innocence

"[A] habeas petitioner may use his claim of actual innocence as a gateway, or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction." *Rivas v. Fischer*, 687 F.3d 514, 539 (2d Cir. 2012) (internal quotation marks and citation omitted).  According to the standard enunciated by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995), "a credible and compelling claim of actual innocence may provide a gateway through other procedural barriers to habeas relief." *Rivas*, 687 F.3d at 517 (internal quotation marks and citation omitted).  However, for a claim of actual innocence to be deemed credible, as is required to overcome a procedural default on federal habeas review, it must be supported with new reliable evidence, whether it be exculpatory scientific evidence, veritable eyewitness accounts, or critical physical evidence, that was not presented at trial.  *Id*. at 541.  "For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id*. (internal quotation marks and citation omitted).

Here, Petitioner contends that his "steadfast insistence that he is innocent is a factor to consider in assessing the defendant's claim that he would have accepted a plea offer." (Obj. at ¶ 7.) The magistrate judge correctly found that there was no procedural defect in Petitioner's claim of ineffective assistance of counsel; therefore, there is no procedural barrier that may be overcome by his assertion of innocence under *Schlup*.  (R & R at 9-12.)  Even assuming, *arguendo*, that Petitioner's ineffective assistance of counsel claim was procedurally barred, his assertion of innocence still is unavailing because it is neither credible nor compelling.  Petitioner has not

produced any new reliable evidence of his innocence that would create a reasonable doubt of his guilt. His bald claim of innocence is insufficient. Accordingly, Petitioner's claim of innocence fails.

### III.     Petitioner's Entitlement to an Evidentiary Hearing

Under 28 U.S.C. § 2254(e)(2), the federal district court will not hold an evidentiary hearing on an ineffective assistance of counsel claim if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings." *Samper v. Greiner*, 74 F. App'x 79, 83 (2d Cir. 2003) (internal quotation marks omitted). However, the statute does permit a district court to conduct an evidentiary hearing "in certain circumstances to give the petitioner a chance to rebut the presumption of correctness of a state court's factual finding or to support a claim on which the state court has not made any pertinent factual findings." *Lopez v. Miller*, 906 F. Supp.3d 42, 51 (E.D.N.Y. 2012) (citation omitted). Those circumstances include a demonstration that the factual predicate of a petitioner's claim "could not have been previously discovered through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found [petitioner] guilty." *Mallet v. Miller*, 432 F. Supp.2d 366, 389 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

As noted above, Petitioner has failed to produce any new reliable evidence to support his assertion of innocence or to disprove the fact that Kelly informed him of the prosecution's five-year plea offer. Thus, Petitioner does not satisfy any of the circumstances necessary for the Court to grant an evidentiary hearing. Accordingly, Petitioner's request for an evidentiary hearing and his habeas petition are denied.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in its entirety and Petitioner's petition for a writ of habeas corpus is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       September 16, 2016

                                              /s/
                                    DORA L. IRIZARRY
                                        Chief Judge